**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| WILLIE STOKES, | : | **CIV. NO. 16-3074 (RMB)** |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| DAVID OWENS, WARDEN, | : | |
| CAMDEN COUNTY BOARD OF FREEHOLDERS, | : | |
| CAMDEN COUNTY DEPT. OF CORR., | : | |
| Defendants. | : | |

I.  BACKGROUND

Plaintiff, a pretrial detainee at Camden County Correctional Facility, in Camden, New Jersey, brought this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) On June 10, 2016, the Court granted Plaintiff's application to proceed *in forma pauperis* and directed the Clerk to send Plaintiff a transmittal letter explaining the procedure for completing the USM-285 forms required for service of the Complaint on the defendants. The Clerk's transmittal letter to Plaintiff was returned as undeliverable. (ECF No. 4.)

II. DISCUSSION

Local Civil Rule 10.1(a) provides, in relevant part:

> unrepresented parties must advise the Court of any change in their . . . address within seven days of being apprised of such change by filing a notice of said change with the Clerk. Failure to file a notice of change may result in the imposition of sanctions by the Court.

Dismissing a Plaintiff's Complaint without prejudice is an appropriate remedy for noncompliance with this rule. See <u>Archie v. Dept. of Corr.</u>, Civ. No. 12-2466 (RBK/JS), 2015 WL 333299, at *1 (D.N.J. Jan. 23, 2015) (collecting cases).

Mail sent to Plaintiff's last known address was returned as undeliverable, and Plaintiff has not informed the Court of his new address. When dismissing an action as a sanction, a court should weigh the following factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

<u>Poulis v. State Farm Fire and Cas. Co.</u>, 747 F.2d 863, 868 (3rd Cir. 1984).

A.   Extent of the Party's Personal Responsibility

Plaintiff, as an unrepresented litigant, is solely responsible for providing the Court with his correct address.

B.   Prejudice to the Adversary

Plaintiff has not returned the USM 285 forms that are required before the U.S. Marshals can serve the Complaint on the defendants. Pursuant to Federal Rule of Civil Procedure 4(m), if the defendant is not served within 90 days after the complaint is filed, the court must dismiss the action without prejudice as to that defendant. Plaintiff's time for service will soon expire.

C.   History of Dilatoriness

Plaintiff has only taken one step in prosecuting this action, filing the Complaint. The case cannot proceed until Plaintiff returns the USM 285 forms and the defendants are served.

D.   Whether the Conduct of the Party Was Willful or in Bad Faith

It is not presently known whether Plaintiff's failure to prosecute this action was willful or in bad faith.

E.   Effectiveness of Alternative Sanctions

Sanctions other than dismissal will not be effective because the Court cannot communicate any sanctions to Plaintiff without his current mailing address.

F.   The Merits of the Claims or Defenses

The final factor to consider is whether the Plaintiff's claims have merit. The complaint was allowed to proceed past screening under 28 U.S.C. § 1915(e)(2)(B). (Order, ECF No. 2.) Nonetheless, the case

cannot proceed until Plaintiff provides the information needed to serve the Complaint on the defendants.

Weighing all of the factors, dismissal as a sanction is warranted in this case, primarily because the case cannot move forward because Plaintiff has not provided his present address. The Court will dismiss the Complaint without prejudice, and may reopen this action if Plaintiff can show good cause why he did not timely provide the Court with his forwarding address. An appropriate order follows.

III. CONCLUSION

In the accompanying Order filed herewith, this Court will dismiss this action without prejudice because Plaintiff failed to notify the Court of his present address.


Dated: September 1, 2016.

                                    s/RENÉE MARIE BUMB_____
                                    **RENÉE MARIE BUMB**
                                    **UNITED STATES DISTRICT JUDGE**